# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 1:18cr108-HSO-JCG-1 |
| | § | |
| | § | |
| | § | |
| RANDALL GALLOWAY | § | |

## ORDER DENYING DEFENDANT RANDALL GALLOWAY'S MOTION [43] FOR COMPASSIONATE RELEASE

BEFORE THE COURT is Defendant Randall Galloway's Motion [43] for Compassionate Release.  The Court finds that this Motion [43] should be denied with prejudice.

## I. BACKGROUND

A. Procedural history

Pursuant to a Plea Agreement with the Government, on October 19, 2018, Defendant Randall Galloway ("Defendant" or "Galloway") pleaded guilty to Count 2 of an Indictment charging that he

> aided and abetted by others, known and unknown to the grand jury, did knowingly and intentionally possess with intent to distribute 5 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2.

Indictment [3] at 1; Plea Agreement [24] at 1.  On February 7, 2019, the Court sentenced Defendant to a term of 294 months imprisonment followed by five years of supervised release.  Min. Entry, February 7, 2019.  Defendant is presently

incarcerated at the Federal Correctional Institution Talladega ("FCI Talladega") in Talladega, Alabama, and his anticipated release date is April 16, 2039. *See* Resp. [49] at 1.

Defendant has filed the instant Motion [43] for Compassionate Release, asking the Court to grant him compassionate release because he has now exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Mot. [43] at 3. Defendant asserts that he has exhausted his administrative remedies on grounds that he "pursued administrative remedies through the BOP by submitting a formal request to the warden of his facility on April 16, 2020," and that he did not receive a response from the BOP within 30 days of this request. *Id.*; *see* Ex. 3 [43-3] at 1. On the merits, Defendant argues that his medical conditions, particularly diabetes and hypertension, constitute "extraordinary and compelling reasons" warranting compassionate release due to the COVID-19 pandemic. *Id.* at 8.

The Government opposes Defendant's Motion [43], contending that he has not demonstrated any extraordinary and compelling reason warranting a sentence reduction. Resp. [49] at 10. The Government has not contested that Defendant has exhausted his administrative remedies. It takes the position that despite Defendant's medical conditions, his medical records indicate that he is receiving appropriate healthcare for his conditions, thus failing to establish an extraordinary and compelling reason for a sentence reduction. *Id.* The Government further avers that Defendant has not presented a viable release plan, and that the applicable factors set forth at 18 U.S.C. § 3553(a) weigh against his release. *Id.* at 22-23.

Defendant counters in his Reply [52] that COVID-19 "remains a serious threat to all those who are incarcerated," and that he is "at particular risk" because of his "documented medical conditions." Reply [52] at 3. He further contends that based upon the danger presented by COVID-19 coupled with his medical conditions, there are "limited alternatives available to provide a truly safe environment" for him. *Id.* The Court finds that Defendant's Motion [43] for Compassionate Release should be denied on the merits.

## II. DISCUSSION

A. <u>Whether Defendant has shown extraordinary and compelling reasons justifying release</u>

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). The Fifth Circuit has held that when considering a motion for compassionate release, a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

Defendant argues that his release is warranted based upon his medical conditions, specifically his diabetes and hypertension. Mot. [43] at 8. Although certain medical conditions may constitute extraordinary and compelling reasons warranting a reduction, *see* 18 U.S.C. § 3582(c)(1)(A)(i), Defendant's BOP medical records reveal that Defendant's health conditions are being monitored and treated with prescription drugs, Ex. B - Medical Records [51] at 14-15, 17-19, 23-24, 39-42,

3

52-55, 69, and that he is under the supervision of health care professionals at the BOP, *id.* at 71-75, *see also* Ex. B - Medical Records [51-1] at 4-5, 15-18, 24-25, 47-49, 51-55. The medical evidence supports the conclusion that Defendant is capable of self-care while incarcerated and that he has access to services to address his medical conditions. Based upon the record, Defendant has not demonstrated an "extraordinary and compelling reason" warranting his release under 18 U.S.C. § 3582(c)(1)(A)(i).

To the extent Defendant seeks compassionate release due to COVID-19, generalized concerns of contracting COVID-19 do not constitute an "extraordinary and compelling reason" justifying release under 18 U.S.C. § 3582(c)(1)(A)(i). *See, e.g., United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."). Although Defendant argues that his medical conditions place him at an increased risk for serious illness from COVID-19, *see* Mot. [43] at 9, this Court has held that "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence," *United States v. McLin*, No. 1:17-CR-110-LG-RHW, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020), *aff'd*, 840 F. App'x 804 (5th Cir. 2021) (collecting cases); *see also United States v. Raiford*, No. 2:03-CR-25-KS-MTP, 2020 WL 5535368, at *2 (S.D. Miss. Sept. 15, 2020), *appeal dismissed*, No. 20-60883, 2021 WL 1111314 (5th Cir. Feb. 17, 2021) (same).

In sum, Defendant has not demonstrated that his medical conditions, either alone or in combination, along with the possibility of contracting COVID-19 while incarcerated, constitute extraordinary and compelling reasons justifying a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Defendant has not shown that he is more likely to contract the virus if he remains incarcerated than if he were released, and he has not demonstrated an "extraordinary and compelling reason" that warrants his release under 18 U.S.C. § 3582(c)(1)(A)(i).

B.  Whether the applicable factors set forth at 18 U.S.C. § 3553(a) weigh against Defendant's release

Even if Defendant had presented evidence of an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i), the Court is not persuaded that the § 3553(a) factors weigh in favor of his release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)). The Government argues that Defendant "has not met his burden to show that a reduction is warranted in light of the danger that [he] would pose to the community and the relevant § 3553(a) factors." Resp. [49] at 10. It maintains that Defendant has neither "explained where he would live[,]" nor has he provided a viable release plan. *Id.* at 22. The Government further avers that a reduction in

5

Defendant's sentence would demean the serious nature of the underlying offense he committed, and that the applicable § 3553(a) factors weigh against compassionate release. *Id.* at 22-23.

Defendant's projected release date is April 16, 2039, and he has served approximately 26 months of the imposed term of 294 months imprisonment. PSR [28] at 1 (filed under seal). According to the Presentence Investigation Report ("PSR") prepared in this case, Defendant's offense level was a 37, and his criminal history category was a III, which yielded a Guidelines range of imprisonment of 262 months to 327 months. *Id.* at 20. Defendant received a sentence within his Guidelines range, and he has a significant criminal history.

Defendant was convicted of a serious offense, and the sentence imposed in this case reflects that seriousness, as well as the need for deterrence and protection of the public under the applicable factors set forth at § 3553(a). Considering the totality of the record before it, the Court finds that releasing Defendant from incarceration at this time would not reflect the gravity of his offense, protect the public, or afford adequate deterrence. 18 U.S.C. § 3553(a). As the Fifth Circuit has recently noted, courts that have granted compassionate release to high-risk inmates with preexisting conditions "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *Thompson*, 984 F.3d at 434-35. Defendant has not made such a showing here, nor has he served the lion's share of his sentence. Defendant's Motion [43] should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Randall Galloway's Motion [43] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 10th day of August, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE