IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  Civil No. 1:23cv127-HSO
Criminal No. 1:18cr108-HSO-JCG-1

RANDALL GALLOWAY

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT RANDALL GALLOWAY'S MOTION [55] UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

BEFORE THE COURT is Defendant Randall Galloway's Motion [55] under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. After due consideration of the Motion [55], the record, and relevant legal authority, the Court finds that Galloway's Motion [55] should summarily denied as untimely pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

I. BACKGROUND

On July 10, 2018, the Grand Jury indicted Defendant Randall Galloway ("Defendant" or "Galloway") on three counts. Indict. [4] at 1-2. Count 1 charged that Galloway "did knowingly and intentionally conspire with others, both known and unknown to the Grand Jury, to possess with intent to distribute 5 grams or more of actual methamphetamine," in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. *Id.* at 1. Counts 2 and 3 charged that he, aided and abetted by others, "did knowingly

1

and intentionally possess with intent to distribute 5 grams or more of actual methamphetamine" in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. *Id.* at 1-2. Pursuant to a written Plea Agreement [24] with the Government, Galloway pled guilty to Count 2 on October 19, 2018. Minute Entry, Oct. 19, 2018.

On February 7, 2019, the Court sentenced Galloway to a term of imprisonment of 294 months, to be followed by 5 years of supervised release, a $10,000.00 fine, and a $100.00 special assessment. J. [30]. Counts 1 and 3 were dismissed on motion by the Government. Minute Entry, Feb. 7, 2019. Galloway filed a direct appeal of his sentence and was appointed counsel. *See* Not. of Appeal [31]; Order [34]. However, his appeal was dismissed by the Fifth Circuit on September 26, 2019, after he requested that his counsel seek dismissal. *See* J. [40]; Motion of Appellant Randall Galloway to Dismiss His Appeal at 1, 4, *United States v. Galloway*, No. 19-60100 (5th Cir. Sept. 23, 2019) (showing an email from "GALLOWAY RANDALL (20989043)" to his appellate counsel stating "[I] would like to dismiss my appeal"); Envelope [56-1] at 1 (showing Galloway's Bureau of Prisons register number as "20989-043"). Galloway did not seek to reopen his direct appeal.

On May 10, 2023,[1] Galloway filed the present Motion [55] to vacate his conviction and sentence, asserting three grounds for relief. First, he claims that his

---

[1] Because Galloway is a federal prisoner proceeding pro se, his Motion [55] is deemed to have been filed on the date he submitted it to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006); Mot. [55] at 13.

2

trial counsel was ineffective because: (1) he did not "advis[e] Galloway as to the law relating to 'actual' versus 'mixture' in the context of methamphetamine" before he pled guilty; (2) he did not object to the application of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") provision for actual methamphetamine rather than methamphetamine mixture; and (3) he did not seek a downward variance for his "low-level" role in the conspiracy. Mot. [55] at 4. Second, Galloway asserts that he should be resentenced due to President Biden's October 6, 2022 Proclamation which granted a pardon to those convicted of simple possession of marijuana under the Controlled Substances Act, 21 U.S.C. § 844, or D.C. Code § 48-904.01(d)(1), because he reasons that his criminal history score under the Guidelines was based in part on past convictions for possession of marijuana. *Id.* at 5; PSR [28] at 11-13; Proclamation No. 10467, 87 Fed. Reg. 61,441 (Oct. 6, 2022). Finally, Galloway argues that his appellate counsel was ineffective because: (1) she failed to argue that his trial counsel was ineffective for not objecting to the application of the drug quantity calculation for actual methamphetamine; (2) she did not argue that this Court erred in attributing an additional five pounds of methamphetamine to Galloway that was not included in the factual basis for his guilty plea; and (3) she voluntarily dismissed his appeal despite these "meritorious issues." Mot. [55] at 7; Mem. [56] at 8-10.

## II. DISCUSSION

A.   Relevant legal authority

Rule 4 of the Section 2255 Rules provides that upon a defendant's filing of a § 2255 motion,

> [t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Section 2255 Rule 4(b).

A motion to vacate a sentence brought pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

B.   Whether Galloway's Motion [55] is timely

1.   Galloway's conviction became final more than one year prior to the filing of this Motion [55]

As a preliminary matter, there is some uncertainty as to the date when a conviction becomes final when, like here, a defendant timely files and later voluntarily dismisses his direct appeal. The Fifth Circuit has not definitively

resolved the question of whether the § 2255(f)(1) limitations period begins to run immediately upon voluntary dismissal of a direct criminal appeal or if the petitioner nevertheless is entitled to the benefit of the additional ninety-day deadline to petition the Supreme Court for certiorari. *See Mark v. Thaler*, 646 F.3d 191, 195 (5th Cir. 2011) ("[I]t may well be the case that when a federal criminal direct appeal is voluntarily dismissed, further review is no longer possible, and thus, the federal conviction immediately becomes final under AEDPA for purposes of any future petition under 28 U.S.C. § 2255. . . ."); *United States v. Solis-Gonzalez*, 254 F.3d 1080, 1080 n.1 (5th Cir. 2001) ("Even if we were to consider the timeliness of appellant's petition, he would have difficulty persuading us that, although he voluntarily dismissed his appeal, the one-year period should be extended by the time limit for filing a petition for certiorari."); *Silva v. United States*, Nos. 3:21-cv-44-B (BT) & 3:18-cr-375-B-8, 2022 WL 17069155, at *2 (N.D. Tex. Nov. 2, 2022) (noting that this is an open question in the Fifth Circuit), *report and recommendation adopted by* 2022 WL 17069568 (N.D. Tex. Nov. 17, 2022).

Courts elsewhere have disagreed as to the proper date. *Compare Silva*, 2022 WL 17069155, at *2 (collecting cases from the Northern District of Texas holding that a conviction becomes final on the date the appeal is dismissed), *and United States v. Slyvester*, 258 F. App'x 411, 412 (3d Cir. 2007) ("His conviction became final and the limitations period began to run when his appeal was voluntarily dismissed."), *with Latham v. United States*, 527 F.3d 651, 652-53 (7th Cir. 2008) (finding that where a defendant voluntarily dismisses his appeal, his conviction

5

becomes final after the expiration of the deadline to seek a writ of certiorari), *and United States v. Parker*, 416 F. App'x 132, 132 (3d Cir. 2011) ("[T]here is no known precedent for the proposition that a criminal defendant who seeks voluntarily dismissal of an appeal is foreclosed from filing a petition for certiorari challenging the dismissal." (quotation omitted)).

The Court need not resolve this issue because even giving Galloway the benefit of the additional time to petition for a writ of certiorari, his conviction clearly became final more than one year prior to the filing of this Motion [55]. The Fifth Circuit voluntarily dismissed his appeal on September 26, 2019, Order [40], and the deadline for him to file a petition for a writ of certiorari would have expired on December 26, 2019, *see* Sup. Ct. R. 13.1. This Motion [55], filed on May 10, 2023, was indisputably filed more than one year after December 26, 2019. So, if 28 U.S.C. § 2255(f)(1) is the only applicable limitations period, Galloway's Motion [55] is untimely. *See* 28 U.S.C. § 2255(f)(1).

2.  <u>Galloway has not shown that another § 2255(f) limitations period applies</u>

Galloway takes the position that his Motion [55] is timely under 28 U.S.C. § 2255(f)(4) because the facts supporting his claim could not have been discovered until President Biden's proclamation on October 6, 2022, or until he discovered another case from this district on February 14, 2023. Mot. [55] at 12. Neither argument is meritorious.[2]

---

[2] In addition, Galloway does not cite an impediment created by governmental action that has prevented him from bringing his claim or a newly recognized right by the Supreme Court which is retroactive on collateral review, *see* Mot. [55]; Mem. [56]; 28 U.S.C. § 2255(f)(2), (3), and he does not argue that equitable tolling applies, *see generally* Mot. [55].

President Biden's proclamation is not a newly discovered fact supporting Galloway's claim. While the vacatur of a conviction used to enhance a defendant's sentence can provide a new one-year limitations period under 28 U.S.C. § 2255(f)(4) in some circumstances, *see Johnson v. United States*, 544 U.S. 295, 310-11 (2005), the proclamation did not vacate any of Galloway's prior convictions cited in the Presentence Investigation Report ("PSR"), *see* 87 Fed. Reg. at 61,441; PSR [28] at 11-13. Specifically, the October 6, 2022, proclamation issued a pardon to:

> (1) all current United States citizens and lawful permanent residents who committed the offense of simple possession of marijuana in violation of the Controlled Substances Act, as currently codified at 21 U.S.C. 844 and as previously codified elsewhere in the United States Code, or in violation of D.C. Code 48–904.01(d)(1), on or before the date of this proclamation, regardless of whether they have been charged with or prosecuted for this offense on or before the date of this proclamation; and (2) all current United States citizens and lawful permanent residents who have been convicted of the offense of simple possession of marijuana in violation of the Controlled Substances Act, as currently codified at 21 U.S.C. 844 and as previously codified elsewhere in the United States Code, or in violation of D.C. Code 48–904.01(d)(1); which pardon shall restore to them full political, civil, and other rights.

*Id.* The PSR [28] did not include any past convictions for simple possession of marijuana in violation of the Controlled Substances Act or D.C. Code § 48-904.01(d)(1). PSR [28] at 11-13. Instead, Galloway's convictions for possession of marijuana arose from violations of Mississippi law. *Id.* As a result, none of Galloway's convictions at issue were impacted by the proclamation so it cannot provide "facts supporting the claim" that he should not have received criminal history points for these convictions. *See* 28 U.S.C. § 2255(f)(4).

Galloway claims that the proclamation "amounts to a pardon of Galloway's federal sentence," *see* Mot. [55] at 12, but the proclamation itself rejects this

7

argument, *see* 87 Fed. Reg. at 61,441. The proclamation "pardon[s] only the offense of simple possession of marijuana in violation of Federal law or in violation of D.C. Code 48–904.01(d)(1), and not any other offenses related to marijuana or other controlled substances" and notes that "[n]o language herein shall be construed to pardon any person for any other offense." *Id.* Galloway argues that President Biden stated that "no one should be in jail for using or possessing marijuana," Mot. [55] at 12; *see* Joseph R. Biden, Jr., Statement on Marijuana Reform, The White House (Oct. 6, 2022), https://www.whitehouse.gov/briefing-room/statements-releases/2022/10/06/statement-from-president-biden-on-marijuana-reform/ ("As I often said during my campaign for President, no one should be in jail just for using or possessing marijuana."), but Galloway is in federal prison for possessing methamphetamine with intent to distribute, J. [30], not "just for using or possessing marijuana," *see* Biden, Statement on Marijuana Reform, *supra*.

Galloway also cites February 14, 2023, as another date when he discovered facts supporting his claim, stating that he "discovered an opinion authored by Judge Carlton W. Reeves in *United States v. Robinson*, No. 3:21-CR-14-CWR-FKB-2[, 2022 U.S. Dist. LEXIS 231041] (S.D. Miss. Dec. 23, 2022)" on that date. Mot. [55] at 12. *Robinson* is a district court opinion, not a "fact supporting the claim or claims presented," and cannot create a new limitations period under § 2255(f)(4). *See* 28 U.S.C. § 2255(f)(4); *Teel v. United States*, No. 2:17-CV-85-Z, 2020 WL 5458676, at *8 (N.D. Tex. Apr. 24, 2020) ("[T]he issuance of a new court opinion is not a newly-discovered fact under section 2255(f)(4)." (quotation omitted)); *Laurenson v. United*

8

*States*, Nos. 3:22-CV-493-D-BK & 3:18-CR-06-D-38, 2022 WL 17167955, at *3 (N.D. Tex. Aug. 4, 2022) (noting that "§ 2255(f)(4) focuses on the facts supporting [the] claim . . . not the discovery of the legal theory or the legal significance of the facts supporting his claim").

In sum, Galloway's conviction became final more than one year prior to the present Motion [55], and he has not shown that another limitations period is applicable. Galloway's Motion [55] is plainly barred by the statute of limitations under § 2255(f), and therefore his Motion [55] should be summarily denied as untimely without an evidentiary hearing pursuant to Rule 4 of the Section 2255 Rules. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) (affirming a district court's sua sponte consideration of the statute of limitations for a habeas petition).

### III. CONCLUSION

Because the Motion [55], files, and records conclusively show that Galloway's Motion [55] is untimely and he is entitled to no relief, the Court finds that Defendant's Motion [55] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be summarily denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Randall Galloway's Motion [55] under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody is **DENIED** as untimely pursuant to Rule 4 of the Section 2255 Rules.

**SO ORDERED AND ADJUDGED**, this the 25th day of May, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE